### GOODING v. WATKINS.

(Circuit Court of Appeals, Eighth Circuit. October 17, 1905.)

No. 2,183.

EJECTMENT—LIMITATION—STATUTE OF ARKANSAS.

An action in ejectment to recover possession of Indian lands in Indian Territory, the title to which is not claimed by either party, but is admittedly in the tribe, is within Mansf. Dig. Ark. § 4476 (Ind. T. Ann. St. 1899, § 2943), providing that "no action for the recovery of real property, when the plaintiff does not claim title to the land, shall be brought or maintained where the plaintiff or his testator or intestate has been five years out of possession," and is barred by such limitation where defendant has been for more than five years in the open, adverse, and exclusive possession, regardless of whether or not plaintiff asserted any claim to the land during the time.

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 913.

H. E. Eldridge and Stuart & Gordon, for plaintiff in error.

W. F. Bowman and H. H. Brown, for defendant in error.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. This was an action in ejectment brought by Mrs. Emma Watkins against Lem Gooding, her brother, to recover possession of a tract of land in the Chickasaw Nation, Indian Territory. Both parties were members of the Chickasaw tribe of Indians. Mrs. Watkins recovered judgment in the United States Court for the Southern District of Indian Territory, the judgment was affirmed by the Court of Appeals, and Gooding sued out this writ of error.

There was substantial, if not conclusive, evidence, that Gooding had been in the open, adverse, and exclusive possession of the land for more than five years before the commencement of the action against him. A statute of Arkansas, in force in the territory, provides:

"No action for the recovery of real property, when the plaintiff does not claim title to the land, shall be brought or maintained when the plaintiff or his testator or intestate has been five years out of possession." Mansf. Dig. § 4476 (Ind. T. Ann. St. 1899, § 2943).

Gooding requested an instruction properly applying this rule of limitations but the court gave in lieu thereof the following:

"It is claimed by the defendant that he has been in adverse possession for a period of more than five years. The court would instruct you that if he has been in open, adverse, notorious possession for a period of five years, when the plaintiff was not claiming the property, that then his possession for a period of five years would be a bar to the plaintiff from recovering in this case."

This was error. The statute quoted was especially applicable to the case, for the reason that the controversy between the parties was not over the title to the land, but concerned merely the possessory right thereto. No allotment of the land was claimed to have been made under the authority of the act of Congress, and the title therefore remained in the Chickasaw Nation. But the instruction of the trial court made the application of the statute of limitations depend upon the attitude of the plaintiff during the period of Gooding's possession—whether she was or was not voicing her claim. In effect, the court said: If Mrs. Watkins was "not claiming the property" during Gooding's five years of adverse possession, then the statute applied; but if she was claiming the property during that time, the bar of the statute did not arise. This is the obvious construction of the language of the court, and in view of the evidence of Gooding's possession it was doubtless so understood by the jury.

At the conclusion of the evidence Gooding asked for a directed verdict. It was refused by the trial court. The claim of Mrs. Watkins, set forth in her complaint, was that her right to the property was derived from their father. Gooding claimed through their mother. There was no substantial evidence that the father ever had any right or interest in the property, and none that Mrs. Watkins ever acquired any from that source or otherwise. On the contrary, it was clearly shown that the mother bought the property many years before; that it was afterwards recorded as her separate property under the Chickasaw laws; that she then traded it to her son, Lem Gooding, for another piece of property, which had been previously given to him, and to confirm and make the exchange sure she inserted in her last will and testament, which upon her death was probated according to the Indian laws, this clause:

"I have heretofore by a suitable conveyance given to my son Charles Lemmel Gooding a farm which is known as the farm of my late husband on Red River near Rock Bluff and subsequently I exchanged with my son my place on Red River known as my home place for the place I had so conveyed him, so that now I own the farm near Rock Bluff; and my said son owns the said place I gave him for it."

All of the substantial testimony in the case favored the claim of Gooding. Much of that on behalf of Mrs. Watkins was inadmissible, consisting of testimony of her husband in respect of matters not within the scope of his agency in her behalf, and alleged declarations made by the mother when she was not in possession of the land, and after she had transferred it to her son. The request for a directed verdict in favor of Gooding should have been granted.

The judgment of the United States Court for the Southern District of the Indian Territory and of the United States Court of Appeals in the Indian Territory are reversed, and the case remanded, with direction to grant a new trial.